IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| ESTHER PRIETO,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, in his capacity as Commissioner of the Social Security Administration,<br><br>    Defendant. | **ORDER**<br><br>Case No. 1:07-CV-13<br><br>Judge Dee Benson |

    Before the Court is Plaintiff Esther Prieto's application for attorney fees pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412(d). This Act provides that a prevailing party in a cause of action against the United States is entitled to "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified." *Id.* On November 1, 2007, Plaintiff became a prevailing party when the Court remanded this case for a new hearing before an Administrative Law Judge ("ALJ") to determine whether Plaintiff's residual functional capacity conflicted with the jobs the ALJ found Plaintiff could perform. The Commissioner has objected to Plaintiff's application for attorney fees, alleging that the government's position was substantially justified.

**Background**

    This case was brought before the Court on review of a final decision by the ALJ denying Plaintiff's claim for Social Security Disability Insurance Benefits. In denying Plaintiff's claim, the ALJ followed the five-step sequential process set forth at 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged

onset date. At steps two and three, the ALJ found that although Plaintiff did suffer from some "severe" impairments, none of these impairments, either singly or in combination, satisfied the requirements of a listed impairment at 20 C.F.R. pt. 404, subpt. P, app. 1, so as to be presumptively disabling. The ALJ then determined Plaintiff's residual functional capacity at step four, finding that Plaintiff was unable to perform her past relevant work. Finally, at step five, the ALJ relied on vocational expert ("VE") testimony to conclude that Plaintiff was not disabled because she could perform the jobs of medical assembler, small products assembler, and laundry sorter, which existed in significant numbers in the national economy.

     Upon review of the ALJ's decision, the Court found that the ALJ's findings at steps one through four were supported by substantial evidence and should be upheld. With regard to the ALJ's finding at step five, however, the Court found in favor of Plaintiff. The VE testified that Plaintiff could perform the jobs of medical assembler, small products assembler, and laundry sorter. The Dictionary of Occupation Titles ("DOT") indicates that these jobs are rated on the scale of general educational development ("GED") as a Reading Level 2, a Math Level 1, and a Language Level 1. These reasoning requirements, mathematical requirements, and language requirements conflict with Plaintiff's mental limitations as set forth in the ALJ's residual functional capacity determination. Therefore, the ALJ's failure to resolve the apparent conflict between the testimony of the VE and the DOT violated Social Security Ruling ("SSR") 00-4p and constituted reversible error. Accordingly, the case was remanded to the ALJ to determine whether Plaintiff's residual functional capacity did in fact conflict with the jobs the ALJ found Plaintiff could perform.

**Analysis**

**I.      Legal Standard**

As stated above, 28 U.S.C. § 2412(d) provides that a prevailing party in a cause of action against the United States is entitled to "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified."  The Supreme Court has explained that the phrase "substantially justified" as used in this statute means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In other words, in order to overcome an application by a prevailing party for attorney fees, the government must demonstrate that their position was "justified to a degree that could satisfy a reasonable person."  *Id.*; *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) ("The test for substantial justification in this circuit is one of reasonableness in law and fact.").

**II.     Substantial Justification**

The government argues that all three jobs listed by the VE are unskilled jobs according to their Specific Vocational Preparation ("SVP") level as set forth in the DOT.  This means that these jobs require "little or no judgment to do simple duties that can be learned on the job in a short period of time."  20 C.F.R. § 404.1568(a).  The government cites to SSR 00-4p to allege that in determining whether a claimant can perform a job, the SVP level, not the GED level, is controlling.  Accordingly, the government argues that because all three jobs listed by the VE are "unskilled," according to their SVP levels, there was no conflict between the VE's testimony and the DOT, and their position was substantially justified.

In making this argument, however, the government misconstrues SSR 00-4p. Although SSR 00-4p does state that when there is a conflict between the testimony of a VE and the DOT regarding the SVP time for each described occupation, the DOT controls, it does not state that if the testimony of the VE is consistent with the SVP for a particular job, that is the end of the inquiry. Nor does it state that the SVP level is controlling when determining whether a claimant can perform a specific job. Rather, SSR 00-4p explicitly states that when there is an apparent conflict between the testimony of the VE and the DOT on *any* issue–whether it be a conflict regarding the SVP level or the GED level of a specific occupation–"the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704 (S.S.A.). A plain reading of SSR 00-4p demonstrates that the government's position had no reasonable basis in law. Therefore, the government's position was not substantially justified.

The government further argues that even accepting that the GED levels are a component of a job's skill level, there was no discrepancy between Plaintiff's residual functional capacity and the three jobs cited by the VE. All of the jobs identified by the VE have a Reasoning level of 2. This means that they are consistent with Plaintiff's residual functional capacity limitation of being able to follow only one- and two-step instructions. Accordingly, the government argues it was reasonable for them to believe that there was no conflict between Plaintiff's residual functional capacity and the jobs cited by the VE.

But as the Tenth Circuit clearly explained in *Hackett v. Barnhart*–and as was explained in SSR 00-4p above–the ALJ must address any apparent conflicts between the Plaintiff's

residual functional capacity and the requirements of the jobs cited by the VE.  395 F.3d 1168, 1176 (10th Cir. 2005).  Plaintiff's residual functional capacity not only limited her to simple one- and two-step instructions, it also found that Plaintiff was unable to do multiplication and division, and had trouble making change.  All three jobs listed by the VE require a worker to be able to divide 10s and 100s by 2, 3, 4, and 5, and to perform the four basic arithmetic operations with coins as part of a dollar.  This was a clear discrepancy between the jobs cited by the VE that Plaintiff could perform and Plaintiff's residual functional capacity.  The government's argument that they believed no discrepancy existed, therefore, was not substantially justified by a reasonable basis in fact or law.

## Conclusion

SSR 00-4p requires that before relying on VE evidence in making a disability determination, the ALJ must resolve any conflicts between testimony given by a VE and the DOT.  This requirement is not limited to conflicts between VE testimony and SVP levels or Reasoning levels.  It applies to all conflicts.  In this case, the government failed to follow the requirements of SSR 00-4p.  Accordingly, the government's position in this case was a clear misapplication of the law, and was not "substantially justified."

For the foregoing reasons, Plaintiff's application for attorney fees is GRANTED.

**IT IS SO ORDERED:**

DATED this 11th day of February, 2008.

_Dee Benson_
Dee Benson
United States District Judge